IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALEXANDER A. HARRIS, | |
| Petitioner, | Civil Action No. 22-2755 (EP) |
| v. | |
| HUDSON COUNTY DEPARTMENT OF CORRECTIONS, | OPINION |
| Respondent. | |

**PADIN, District Judge:**

Petitioner Alexander Harris filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. D.E. 1. He also filed a supplemental complaint against the Hudson County Department of Corrections and other individuals. D.E. 2.

For the reasons stated below, the Court will dismiss the § 2241 petition for lack of jurisdiction and for failing to exhaust state court remedies. The Court will sever the supplemental complaint and direct the Clerk's Office to file it as a new complaint under 42 U.S.C. § 1983.

## BACKGROUND

Petitioner is a pretrial detainee presently detained by the Hudson County Department of Corrections ("HDOC") in the Hudson County Jail in Kearney, New Jersey. D.E. 1 at 1-2. Petitioner alleges he is experiencing unconstitutional conditions of confinement due to the COVID-19 pandemic. "The Hudson County custody and medical dept, are severely understaffed, resulting and [sic] excessive delayed medical treatment." *Id.* at 4. He alleges he has certain medical conditions that put him "at 'higher risk for severe illness . . . .'" *Id.* at 3. "I recently tested positive

for COVID and my blood pressure has been at stroke levels according to nurses and medical staff." *Id.* at 5.

Petitioner alleges that the HDOC is withholding records "to impair or infringe civil claims" and asks the Court to compel HDOC to "release all medical correspondence and History from Sept. 2018 (admission) until" the present time. *Id.* He also claims HDOC's understaffing has "caused several constitutional and [New Jersey Administrative Code Title] 10a violations including but limited to [sic] approx.. 5 months without outside recreation, periods without law library, delayed medical treatment, etc." *Id.* at 7. "Since defendants are unable to provide adequate medical treatment and a sufficient legal system Plaintiff should be released from the Hudson County on pretrial intervention pending trial." *Id.* at 9. He also challenges the criminal proceedings against him and asserts his "case should be dismissed with prejudice and/or plaintiff in this matter should be released immediately." *Id.* at 10.

## STANDARD OF REVIEW

Petitioner brings this petition for a writ of habeas corpus as a pro se litigant. The Court has an obligation to liberally construe pro se pleadings and to hold them to less stringent standards than more formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339 (3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.

Nevertheless, a federal district court must dismiss a habeas corpus petition if it appears from the face of the petition that Petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4 (made applicable through Rule 1(b)); *see also McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985), *cert. denied*, 490 U.S. 1025 (1989).

## ANALYSIS

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner asks for habeas relief on two distinct grounds: unconstitutional conditions of confinement in the Hudson County Jail due to COVID-19 and alleged due process violations during his criminal proceedings.

A.   Conditions of Confinement

Plaintiff alleges that the conditions at the Hudson County Jail are unconstitutional due to understaffing during the COVID-19 pandemic. D.E. 1 at 4. He also claims he has not been receiving adequate medical care or other necessities. *Id.* at 5. "The lack of medical treatment, psych, law library, outside recreation, etc has taking [sic] a great deal of stress on me. This conduct has caused a great deal of psychological and psychiatric issues." *Id.* at 6. "[] Plaintiffs believe the Hudson County needs to hire more staff members and doctors, due to the fact of all counties . . . being housed in the Hudson County causing an uptick, excessive medical treatment delay, no law library or outside recreation." *Id.* at 8.

A district court has jurisdiction to issue a writ of habeas corpus based on the conditions of a prisoner's confinement only in extraordinary circumstances. *Hope v. Warden York Cty. Prison*, 972 F.3d 310, 324-25 (3d Cir. 2020). "The touchstone for the constitutionality of detention is whether conditions of confinement are meant to punish or are 'but an incident of some other legitimate governmental purpose.'" *Id.* at 326 (quoting *Hubbard v. Taylor*, 538 F.3d 229, 232 (3d Cir. 2008)). In *Hope*, the Third Circuit permitted civil immigration detainees to challenge the constitutionality of their conditions of confinement in a habeas petition under § 2241 based on the extraordinary circumstances of the COVID-19 pandemic as they existed in March 2020, but it

declined to decide "whether a § 2241 claim may be asserted in less serious circumstances." *Id.* at 325 n.5.

"Even in the COVID-19 era, a writ of habeas corpus is not a generally available remedy outside the immigrant detainee context contemplated in *Hope*, because an inmate's confinement cannot be 'unconstitutional' and therefore a basis for an order of temporary or permanent release unless all the prison personnel with supervisory authority over the inmate are proved to be risking the inmate's injury or death from COVID-19 by 'acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,' *and* every alternative condition of confinement short of release is unavailable." *Houck v. Moser*, No. 3:20-CV-255, 2021 WL 1840827, at *2 (W.D. Pa. May 7, 2021) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)) (emphasis in original). Petitioner states that he believes HDOC's problems stem from chronic understaffing and that "Hudson County needs to hire more staff members and doctors . . . ." D.E. 1 at 8. Accordingly, he has not alleged in his habeas petition that the unconstitutional conditions of confinement can be remedied only by his release from custody. Indeed, Petitioner's supplemental complaint seeking damages and injunctive relief demonstrates that he has other available remedies. D.E. 2.[1] The Court lacks jurisdiction over Petitioner's conditions of confinement claims.

B.   Criminal Proceedings

Petitioner also challenges his criminal proceedings in his § 2241 petition. D.E. 1 at 9. He alleges there has been prosecutorial misconduct, witness tampering, bribery, fabrication of evidence, and concealment of evidence. *Id.* "For these cumulative errors the case should be

---

[1] As the supplemental complaint seeks remedies that are not available in habeas corpus proceedings, the Court will direct the Clerk to file the supplemental complaint as a new civil action under 42 U.S.C. § 1983. Petitioner must submit a new *in forma pauperis* application or the $402 filing and administrative fees for this action.

4

dismissed with prejudice and/or plaintiff in this matter should be released immediately." *Id.* at 10.

Section 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who "'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Moore v. De Young*, 515 F.2d 437, 442 n.5 (3d Cir. 1975) (quoting 28 U.S.C. § 2241). "Nevertheless, that jurisdiction must be exercised sparingly in order to prevent in the ordinary circumstance 'pre-trial habeas interference by federal courts in the normal functioning of state criminal processes.'" *Duran v. Thomas*, 393 F. App'x 3, 4 (3d Cir. 2010) (per curiam) (quoting *Moore*, 515 F.2d at 445–46). In considering whether a federal court should ever grant a writ of habeas corpus to a state pre-trial detainee, the Third Circuit has held

> (1) federal courts have "pre-trial" habeas corpus jurisdiction;
>
> (2) that jurisdiction without exhaustion should not be exercised at the pre-trial stage unless extraordinary circumstances are present;
>
> (3) where there are no extraordinary circumstances and where petitioner seeks to litigate the merits of a constitutional defense to a state criminal charge, the district court should exercise its "pre-trial" habeas jurisdiction only if petitioner makes a special showing of the need for such adjudication and has exhausted state remedies.

*Moore*, 515 F.2d at 443. "The state courts are equally responsible for 'protecting the accused in the enjoyment of his [federal] constitutional rights,' and 'comity demands that the state courts, under whose process he is held ... should be appealed to in the first instance.'" *Williams v. New Jersey*, No. 16-3195, 2017 WL 680296, at *2 (D.N.J. Feb. 21, 2017) (quoting *Moore*, 515 F.2d at 442-43 (alteration and omission in original)). As Petitioner's claims have not been exhausted in the state courts, the Court will not exercise its pre-trial habeas jurisdiction unless there are extraordinary circumstances.

5

After reviewing the petition, the Court concludes there are no extraordinary circumstances warranting federal intervention in Petitioner's state criminal case at this time. "Federal habeas proceedings should not be used as a 'pre-trial motion forum for state prisoners,' or to 'permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court.'" *Williams*, 2017 WL 680296, at *3 (quoting *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493 (1973)). "The Third Circuit has held in other pre-trial habeas actions that requiring defendants to 'undergo the rigors of trial' does not constitute an extraordinary circumstance justifying the intrusion into state criminal proceedings prior to the exhaustion of state court remedies." *Id.* (quoting *Moore*, 515 F.2d at 446).

The Court sees no reason to intervene at this time, but this is not to say that Petitioner cannot ever bring his due process challenges in federal court. "Once he has exhausted state court remedies, the federal courts will, of course, be open to him, if need be, to entertain any petition for habeas corpus relief which may be presented. These procedures amply serve to protect [Petitioner]'s constitutional rights without pre-trial federal intervention in the orderly functioning of state criminal processes." *Moore*, 515 F.2d at 449.

As Petitioner has not exhausted his state court remedies and there are no extraordinary circumstances, the Court will dismiss the § 2241 petition. The dismissal is without prejudice to Petitioner's right to bring a petition under 28 U.S.C. § 2254, if necessary, after he has exhausted his state court remedies.[2]

---

[2] The Court expresses no opinion as to whether any potential petition has otherwise met the requirements of § 2254.

C.  Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order denying relief from a "detention complained of aris[ing] out of process issued by a State Court" unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)-(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when . . . jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court denies a certificate of appealability because jurists of reason would not find it debatable that dismissal of the petition for lack of jurisdiction and for failing to exhaust state court remedies is correct.

## CONCLUSION

For the reasons stated above, the Court will dismiss the § 2241 petition for lack of jurisdiction and for failing to exhaust state court remedies. No certificate of appealability shall issue. An accompanying Order will be entered.

 11/1/2022  
Date

_____  
EVELYN PADIN  
U.S. District Judge

7